UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-CV-22082-JLK

TRANSPORTATION ALLIANCE BANK
INC., d/b/a TAB Bank,

    Plaintiff,

v.

MOREX AUTOMOTIVE CORP and
ADOLFO MORENO, individually

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

THIS CAUSE is before the Court on Plaintiff Transportation Alliance Bank's Amended Motion for Default Judgment (DE 14), filed October 28, 2019. A response was due by November 11, 2019, but none was filed.

### I. BACKGROUND

As background, this case arises from the purported breach of a commercial loan agreement. (*See generally* DE 1). As alleged in the complaint, on August 30, 2018, Defendants Morex Automotive Corp. and Adolfo Moreno ("Defendants") executed several loan documents in favor of Plaintiff, including a (1) promissory note executed by Morex, bearing a principal amount of $100,000 and interest accruing at 19.990% per annum; (2) a business loan agreement executed by Morex; (3) a security agreement executed by Morex; (4) a corporate resolution executed by Morex; and (5) a commercial guaranty executed by Moreno, guaranteeing Morex's obligations under the above-referenced loan documents. (*Id.* at 2–4).

On October 14, 2018, Morex defaulted on the loan after failing to pay the first installment under the commercial loan agreement. (DE 1 at 5 ¶ 16). Pursuant to the acceleration clause of the

agreement, Plaintiff accelerated the debt and demanded payment for the entire balance of the loan. (*Id.* ¶ 17). On May 22, 2019, Plaintiff sued for (a) breach of contract against Morex as the borrower, (b) breach of contract against Moreno as the guarantor, and (c) foreclosure of a security interest. (*See id.* at 7–9). A clerk's entry of default was entered against Morex on July 9, 2019 for failure to make an appearance in the case. (*See* DE 6.) Likewise, a clerk's entry of default was entered against Moreno on September 9, 2019 for the same reason. (*See* DE 9). On September 16, 2019, Defendants filed a Motion to Vacate the Entry of Default, claiming to "have not been able to retain a counselor, due to the extremely high retainers we are being ask[ed]." (DE 10). Moreno, who does not appear to be an attorney, filed this motion on behalf of Morex and himself. (*See id.*). The Court denied the motion on October 21, 2019 (DE 12), and Plaintiff filed the Amended Motion for Default Judgment seven days later. (DE 14). Plaintiff requests damages in the amount of $135,099.45, which includes the (1) principal balance of $100,000, (2) accrued pre-default interest of $4,331.17, (3) accrued post-default interest of $28,323.89 (as of October 22, 2019), and (4) late charges of $2,444.39. (DE 14 at 11–12). Plaintiff also requests a declaration that it has a valid security interest in the collateral, as defined in the above-referenced security agreement. (*Id.* at 13).

## II. LEGAL STANDARD

Once "a default has been entered, [a] plaintiff may move for default judgment pursuant to Rule 55(b)" of the Federal Rules of Civil Procedure. *Denizard v. Relic Inc.*, No. 6:14-cv-714-Orl-31DAB, 2014 U.S. Dist. LEXIS 91753, at *3 (M.D. Fla. June 17, 2014). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, in considering a motion for default

judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment.

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Fed. R. Civ. P. 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.* Moreover, if the plaintiff's claim is for a sum certain, "the clerk . . . must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

### III. DISCUSSION

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the pleadings to enter default judgment in Plaintiff's favor. Because Defendants were defaulted for failing to appear, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings, LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Therefore, Plaintiff's allegations are well-pled and sufficient to establish Defendants' liability. Additionally, Plaintiff's claim is for a sum certain and Plaintiff has submitted sufficient evidence to support its request for damages. *See* DE 14-1.

3

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Plaintiff's Amended Motion for Default Judgment **(DE 14)** be, and the same hereby is, **GRANTED**;

2. Plaintiff is entitled to damages in the amount of **$135,099.45**, comprised of: $100,000 of unpaid principal; $4,331.17 of pre-default interest; $28,323.89 of post-default interest; and $2,444.39 of late charges.

3. The Clerk of Court is **DIRECTED** to enter judgment for Plaintiff against Defendants in the amount of **$135.099.45**.

4. The Court finds that Plaintiff has a valid security interest in the Collateral, as defined in the Security Agreement;

5. Plaintiff shall submit an affidavit within **twenty (20) days** of the date of this Order stating facts to support the amount of attorneys' fees and costs that have been incurred by Plaintiff in connection with Defendants' defaults;

6. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, a Final Default Judgment in favor of Plaintiff and against Defendants shall follow in a separate order;

7. Plaintiff's Motion for Default Judgment **(DE 13)** is **DENIED AS MOOT**.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 11th day of December, 2019.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record
Clerk of the Court
Adolfo Moreno, *pro se*
Morex Automotive Corp., *pro se*